UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JAVIER LOPEZ,

                      Plaintiff,

            -against-

CITY OF NEW YORK; Police Sergeant "JANE" D'AMICO and Police Officer "JOHN" BARUSSO the first names being fictitious and currently unknown, individually and in their official capacities; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

Jury Trial Demanded

      Javier Lopez, by his attorneys, Harvis Wright & Fett, LLP, alleges the following, upon information and belief, as his Complaint:

## NATURE OF THE ACTION

      1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

      3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Javier Lopez ("plaintiff" or "Mr. Lopez") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Sergeant "Jane" D'Amico ("D'Amico") was, at all times relevant herein, an officer, employee and agent acting within the scope of her employment by the City of New York's Police Department and assigned to PSA 1. Defendant D'Amico is sued in her individual and official capacities.

9. Defendant Police Officer "John" Barusso ("Barusso") was, at all times relevant herein, was an officer, employee and agent acting within the scope of his employment by the City of New York's Police Department and assigned to PSA 1. Defendant Barusso is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, the defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On January 28, 2012 at and around 6:00 p.m. at the PSA 1 Stationhouse in Coney Island, defendants D'Amico and Barusso arrested Javier Lopez on the false claim of violating a Temporary Order of Protection.

14. The arrest was without probable cause to believe plaintiff had committed any crime or offense.

15. The defendants jailed Mr. Lopez, who, soon thereafter, began having chest pains. It felt like there was a weight on his chest and pain radiated down his left arm.

16. Defendants refused to obtain treatment for Mr. Lopez.

17. After some time, defendants finally called EMS, but when health care providers arrived, defendants demanded that plaintiff be treated in the cell.

13. At around 8:00 p.m., Mr. Lopez was taken by ambulance, in handcuffs and under guard, from the Stationhouse to Coney Island Hospital. After the heart condition was treated and stabilized, plaintiff was returned to the PSA 1 Stationhouse.

14. At, around or after approximately 4:00 a.m., Mr. Lopez was advised that no charges were being brought against him and that he was free to leave. He did.

15. The defendants' acts and omissions caused Mr. Lopez to suffer loss of liberty, physical injury, mental and emotional trauma for which he has been treated, lost wages, and deprivation of his constitutional rights, among other injuries.

16. The defendants, at all times relevant, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Stop and Search

17. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

18. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

19. As a direct and proximate result of this unlawful conduct, plaintiff

sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest and Imprisonment

20. Plaintiff repeats and realleges each and every allegation as if fully set forth herein

21. Defendants violated the Fourth and Fourteenth Amendments because they arrested and imprisoned plaintiff without probable cause.

22. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### Deliberate Indifference to Medical Needs

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

25. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*

31. Defendant City of New York, through its NYPD, has a formal policy of delaying and denying arrestees of needed medical treatment while they are incarcerated.

32. This policy directly caused the Constitutional violations set forth herein.

33. As part of its policy the City, through its police department, trains its officers to deny medical treatment to arrestees and is indifferent to the consequences.

34. The City is aware that this policy is unlawful and results in causing physical injury, pain and suffering to its arrestees and is indifferent to the consequences.

35. This policy the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   January 10, 2014
         New York, New York

                         HARVIS WRIGHT & FETT LLP
                           *Attorneys for plaintiff*
                         305 Broadway, 14th Floor
                         New York, New York 10007
                         (212) 323-6880
                         bfett@hwandf.com

                         _____
                         By: Baree N. Fett